UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80740-CIV-MARRA

MICHAEL A. JOHNSON, individually
and on behalf of others,

Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss Complaint (DE 9). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On July 8, 2008, Plaintiff Michael A. Johnson ("Plaintiff") filed a class-action complaint (DE 1), alleging breach of contract (count one), declaratory relief (count two) and equitable relief (count three) against Defendant Geico General Insurance Company ("Defendant"). The facts, as alleged in the Complaint, are as follows: Plaintiff, an insured under an automobile insurance policy issued by Defendant, was involved in an automobile accident that was covered under the insurance policy. (Compl. ¶¶ 11-12.)  The accident led to a lawsuit being filed against Plaintiff, for which Defendant provided a defense. (Compl. ¶ 13.)  Plaintiff fully cooperated and assisted in the defense of that claim, including attending depositions, court appearances, conferences, mediation and trial.  (Compl. ¶¶ 14, 20.)

Pursuant to the insurance policy, Defendant is required to make "additional payments" for an insured's "loss of earnings up to $50 a day, but not other income, if [it] request[s] an insured to attend hearings and trials" and "all reasonable costs incurred by an insured at [its] request." (Compl. ¶ 18; insurance policy, Ex. A., attached to Compl.) (emphasis omitted).  Defendant failed to reimburse Plaintiff for travel related costs, postage costs for mailing legal notices to Defendant, and loss of earnings.  (Compl. ¶ ¶ 17, 20-23.)

With respect to the breach of contract claim, Plaintiff alleges that "[a]ll conditions precedent" have been performed, that Defendant "materially breached" the insurance contract by failing to reimburse for expenses mandated under the policy, and that Plaintiff and the members of the class are entitled to recover damages. (Compl. ¶ ¶ 33-38.)  The declaratory relief claim seeks a judgment establishing Defendant's "continuing non-payment of amounts owed" and "violati[on] of the standard policies and obligations." (Compl. ¶ 42.)  Lastly, the Complaint seeks equitable relief, including restitution based on unjust enrichment and injunctive relief to "prohibit further transgressions."  (Compl. ¶ ¶ 45, 48.)

Defendant moves to dismiss the Complaint, asserting that the breach of contract claim is barred by Plaintiff's failure to comply with a condition precedent; i.e., failing to submit an insurance claim to Defendant.  With respect to the declaratory judgment clam, Defendant argues this claim should be dismissed because it seeks identical relief as the breach of contract claim and its determination will hinge on factual issues. Finally, Defendant urges that the express contract between Plaintiff and Defendant precludes the claim for equitable relief.

2

II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

A. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) a breach of the contract and (3) damages resulting from the breach. Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006); A.R. Holland, Inc. v. Wendco Corp., 884 So. 2d 1006, 1008 (Fla. Dist. Ct. App. 2004). Here, Plaintiff has alleged that Defendant entered into insurance contracts with Plaintiff and the putative members of the class to pay the insured's loss of earnings, travel-related costs and postage expenses related to lawsuits (Compl. ¶ 33), that all conditions precedent to Defendant's payment obligations were met (Compl. ¶ 36), that Defendant "materially breached" the contract by not reimbursing its insureds (Compl. ¶ 37),

causing damages (Compl. ¶ 38.)  These allegations sufficiently provide Defendant with fair notice of the claim and the grounds upon which it rests.  See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 974 (11th Cir. 2008) (a complaint must give notice of the claim and the grounds upon which it rests.)

Nonetheless, Defendant contends that the claim should be dismissed for failure to comply with a condition precedent; namely, that Plaintiff failed to submit a claim to Defendant. Defendant, however, ignores the clear and unambiguous language of the Complaint that alleges "all conditions precedent" have been performed. (Compl. ¶ 36.)  In pleading conditions precedent, the Federal Rules of Civil Procedure require only that conditions precedent be alleged "generally."  Fed. R. Civ. P. 9(c).  See Fitz-Patrick v. Commonwealth Oil Co., 285 F.2d 726, 729-30 (5th Cir. 1960) (sufficient to allege that "all conditions precedent have been performed or have occurred");[1] Thompson v. Kindred Nursing Ctrs. East, LLC, 211 F. Supp. 2d 1345, 1355 (M.D. Fla. 2002) (allegation that "all conditions precedent to the filing of this action have been satisfied or occurred" is sufficient); see also Young Women's Christian Association of the National Capital Area, Inc. v. All State Insurance Company of Canada, 158 F.R.D. 6, 8 (D.D.C. 1994) (in action for recovery under insurance policy, it is unnecessary to plead specific terms, conditions and occurrences which have been performed as long as the complaint alleges all conditions precedent have been performed).  Based on this precedent, the Court concludes that by pleading "all conditions precedent" have been met, the Complaint adequately alleges a breach of

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

contract claim.  Lastly, even putting aside the liberal pleading standard for conditions precedent envisioned under Rule 9(c), it is axiomatic that, at the motion to dismiss stage, the scope of the Court's review is limited to the four corners of the complaint.  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).  On this basis alone, the Court must disregard Defendant's contention that Plaintiff failed to submit a claim.[2]

Thus, for the reasons stated herein, the Court denies the motion to dismiss the breach of contract claim.

B. Declaratory Relief

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).[3]  In deciding whether to entertain a declaratory judgment action, district courts are

---

[2] Nor is the Court persuaded by Defendant's citation to Edwards v. Prudential Property and Casualty Co., 814 A.2d 1115 (N.J. Super. Ct. App. Div. 2003).  In deciding procedural matters, such as pleading requirements, the Court must look to federal law. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415 (1996) (federal courts must apply federal procedural law).

[3] Plaintiff does not reference either the federal or state declaratory judgment act in the Complaint.  However, jurisdiction for this case is based upon diversity of citizenship. 28 U.S.C. § 1332.  Given that the "operation of the Declaratory Judgment Act is procedural," federal courts must apply federal procedural law under the Erie doctrine. GTE Directories Publishing Corp. v. Trimen American, Inc., 67 F.3d 1563, 1567 (11th Cir. 1995) (federal courts must apply federal procedural law); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950) (federal declaratory judgment act is procedural in nature).  Thus, this claim will be construed as a federal declaratory judgment claim.  See Chapman v. Clarendon Nat. Ins. Co., 299 F. Supp. 2d 559, 563 (E.D. Va. 2004) (federal court construed state declaratory judgment claim as brought under federal declaratory judgment act); Haagen-Dazs Shoppe Co., Inc. v. Born, 897 F. Supp. 122, 126 n.2 (S.D.N.Y. 1995) (federal declaratory judgment act governs propriety of declaratory relief in diversity cases under Erie); DeFeo v. Proctor & Gamble Co., 831 F. Supp. 776, 779 (N.D. Call 1993) (federal declaratory relief action is implicated even in diversity actions).

provided "ample" discretion. See Kerotest Manufacturing, Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-84 (1952) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts" in their decision to adjudicate declaratory judgment claims).

"The declaratory judgment is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971). A claim for declaratory judgment is properly pled when it alleges facts showing that there is a "substantial continuing controversy between two adverse parties." Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1347 (11th Cir. 1999) citing Emory v. Peeler, 756 F.2d 1547 (11th Cir. 1985). Here, the Complaint, read as whole, properly alleges that there is a live controversy between the parties based on Defendant's alleged failure to make the additional payments alleged to be due under the policy of insurance and Plaintiff's need for a declaration of rights as to whether he is owed money under the additional payments provision of the insurance contract.[4] (Compl. ¶¶ 40-42.)

In so finding, the Court rejects Defendant's argument that the declaratory relief claim should not entertained when the breach of contract claim provides Plaintiff with full and adequate relief. Such a position is in direct contravention of Rule 57 of the Federal Rules of

---

[4] The Court only finds that a declaratory judgment claim is pled with respect to the named plaintiff. Defendant's argument that a claim for declaratory relief is improper when factual determinations are needed to resolve the ultimate issue is best left for a discussion on the appropriateness of class certification. The Court's ruling today should not be taken as making any determination as to whether these allegations support class certification. That issue will be resolved at a later date.

Civil Procedure.  That rule provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ .P. 57.  Accordingly, courts have held that the existence of another remedy does not preclude declaratory relief.  See Powell v. McCormack, 395 U.S. 486, 517-18 (1969); Continental Casualty Co. v. Coastal Savings Bank, 977 F.2d 734, 737 (2d Cir. 1992); Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1112 (9th Cir. 1987); Tierney v. Schweiker, 718 F.2d 449, 457 (D.C. Cir. 1983).  Therefore, the fact that Plaintiff could have simply brought an action for breach of contract does not prevent him from also seeking a declaratory judgment to establish coverage.  See City of Leominster v. Pittsburgh-Des Moines Steel Co., 201 F. Supp. 66, 68 (D. Mass. 1962) (allowing declaratory judgment claim as well as breach of contract claim to proceed).

For the foregoing reasons, Defendant's motion to dismiss the declaratory judgment claim is denied.

C.  Equitable Relief

In moving to dismiss this claim, Defendant points to Florida law that holds equitable relief under a theory of unjust enrichment is precluded when there is an express contract between the parties.  Plaintiff does not dispute this assertion; instead, Plaintiff states that he is permitted to set forth inconsistent or alternative claims in a single complaint under Rule 8.  The Court agrees.  "Litigants in federal court may pursue alternative theories of recovery, regardless of their consistency." Allstate Insurance Co. v. James, 779 F.2d 1536, 1540 (11th Cir. 1986); see Fed. R. Civ. P. 8(d)(3) ("[a] party may state as many separate claims or defenses as it has, regardless of consistency").  Given that this case is in the pleading stage, the Court will allow this claim to go forward.  Defendant may, however, raise this issue at the appropriate time in the proceedings.

Thus, Defendant's motion to dismiss the equitable relief claim is denied without prejudice.[5]

   IV. Conclusion

   Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint (DE 9) is **DENIED**.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of November, 2008.

   _____
   KENNETH A. MARRA
   United States District Judge

---

[5] The Court declines to strike the words "bad faith" from the Complaint. In so moving, Defendant cites cases where claims for bad faith had been pled, but courts dismissed those claims because the insured had not yet proven liability on the contractual claims (Mot. at 2 n.1). Here, Plaintiff has not pled a claim for bad faith. Nor has Defendant provided the Court with legal authority to support striking these words from a complaint.