**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 08-80740- CIV-MARRA/JOHNSON**

MICHAEL A. JOHNSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.




---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**THIS CAUSE** is before the court on Plaintiff's Motion to Compel Discovery (DE 27),[1] which is now ripe for adjudication. After considering the parties' arguments, the court denies part of the relief Plaintiff seeks as moot and part of it without prejudice.

## I. BACKGROUND

Plaintiff's Motion originally sought better responses to discovery submitted to Defendant on December 5, 2008: Requests No. 4, 5, 6, 7, and 12, and Interrogatories No. 7, 8, 9, 10, 11, 12, and 13; Defendant provided responses to said discovery on January 23, 2009, supplementing them on April 24, 2009,[2] and July 22, 2009. (DE 28 at 2, 4-15; DE 40 at 3.) Defendant's Response to the Motion at bar avers that its responsive discovery supplementations render the Motion moot. (DE 40 at 3-5, §§ A & B.) In his Reply, Plaintiff acknowledges that the supplemental discovery responses have rendered Request No. 5

---

[1] Plaintiff presents the argument on his Motion in a separate Memorandum of Law. (DE 28.)

[2] Defendant identifies the date of the first supplementation as April 30, 2009. (DE 40 at 2.)

and Interrogatory No. 13 moot. As a result, the court need not address the merits of that aspect of the Motion, accepting Plaintiff's representation thereon.[3] Plaintiff specifically indicates his Reply covers Defendant's Response to Requests No. 4, 6, 7 and 12, as the remaining issues to be addressed by the court. (DE 41 at 1.) Plaintiff is silent as to Defendant's allegations for Interrogatories 7, 8, 9, 10, and 12, despite his indication that "the remainder of the discovery addressed in the Motion to Compel must be addressed by this Court." (DE 41 at 1.)

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure strongly favor a full and broad scope of discovery whenever possible, allowing a party to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).[4] "Relevancy" under Rule 26(b)(1) is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted).

Indeed, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues . . . . Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Oppenheimer Fund, 437 U.S. at 351. In short, information can be relevant

[3] Plaintiff also indicates that the supplemental responses also render Interrogatory No. 14 moot. (DE 41 at 1.) That interrogatory, however, is not part of the Motion before the court.

[4] It is a basic tenet that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507-08 (1947).

and, therefore, discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Dunbar v. United States, 502 F.2d 506, 509-10 (5th Cir. 1974) (citations omitted).[5]

## III. DISCUSSION

Defendant clearly avers having produced all documents in its "possession, custody or control." (DE 40 at 3, § A.) Nonetheless, Plaintiff continues to assert in his Reply that the discovery production is incomplete. The court will, therefore, address each Request mentioned in the Reply.

Request No. 4 asked for production of "an example of each edition of each Policy form that contains any Motor Vehicle Liability Additional Payments provision . . . issued [by Defendant] to any insured in every state in which [Defendant] conducted business, during the Relevant Time Period." (DE 40-2 at 3.) Plaintiff indicates that even though Defendant's supplemental response included "family auto policies and motorcycle endorsements for all states, it did not include all motor vehicle policies, such as commercial vehicles, watercraft, recreational vehicles and other motor vehicle policies." (DE 41 at 2.)

As an initial observation, the court notes that neither party explains what the "Relevant Time Period" mentioned in Request No. 4 encompasses. Further, Defendant's Response states that it has produced "all responsive documents in GEICO's possession, custody or control." (DE 40 at 3, § III, ¶ A.) Consequently, the court is at a loss to understand whether or not there is, in fact, anything covered by Request No. 4 which

---

[5] Fifth Circuit decisions as they existed as of the close of business on September 30, 1981, are binding precedent on all federal courts within the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1207 (11th Cir. 1981).

Defendant should produce. Moreover, Plaintiff does not explain how the types of policies that it contends need to be produced apply to his lawsuit. As a result, and going by the plain meaning of the words used in briefing, the court finds that Defendant's averment indicates that there is nothing more to produce, and the supplementation of discovery material renders this Request moot. Nonetheless, if there is any doubt in Plaintiff's mind about the existence of any policies as identified in his Reply during the "Relevant Time Period," he should address additional discovery to Defendant specifically asking about the policies that Plaintiff feels may exist and should be produced.

Plaintiff's Reply presents a single argument for Requests No. 6, 7 and 12, indicating that "the complete response to these three Requests was the production of two apparent training videos." (DE 41 at 2.) Plaintiff goes on to acknowledge that the "videos are responsive as 'training materials' relating to Additional Payments," but then indicates that Defendant provided "no email, correspondence guidelines, standards, SOPs, benchmarks, directives, manuals or instructions relating to Additional Payments." (DE 41 at 2.) Plaintiff argues that "[p]otentially, Defendant has so narrowly interpreted these Requests to mean only training materials specifically referencing expense reimbursements in order to avoid producing its procedures, guidelines, and first-party and casualty claims training materials that deal with obligations, fiduciary duties and payments to insureds," adding that what Plaintiff considers to be "a narrow interpretation" by Defendant prevents him "from engaging in discovery as contemplated in the Fed.R.Civ.P." (DE 41 at 2-3.) Plaintiff then closes his Reply by asking the court to compel production of all documents in response to Requests 6 and 7, leaving Request No. 12 out of the prayer for relief.

Request No. 6 asks for "all instructions, responses to inquiries, directives,

memoranda, correspondence and other communications or writings that refer to the interpretation of procedures or guidelines with respect to any of the Motor Vehicle Liability Additional Payments provisions in any of the policy forms referred to in Request No. 4 . . . ." (DE 40-2 at 4.) In reading the open-ended wording in Request No. 6, the court is unable to identify how exactly the material requested integrates the items that Plaintiff argues are missing from Defendant's production. Whether or not it is true that Defendant interprets the Request narrowly is also unclear. As a result, the court finds that if Plaintiff wishes to obtain the items that it lists as missing from the production, it should propound an explicitly worded discovery request addressing the material at issue.

Request No. 7, asks for all documentation during the "Relevant Time Period" which relates "to the adjustment and/or processing of Motor Vehicle Liability Additional Payments requests . . . including but not limited to the amount to be paid on such requests for reimbursement." (DE 40-2 at 4.) Request No. 12 seeks a very wide scope of documents "[f]or each year during the Relevant Time Period" pertaining to "present claims management and claims supervisory employees who have or had responsibilities for determining what covered costs and covered loss of earnings are owed, as well as whether, when and how to pay those expenses and loss of earnings" under the provisions of Defendant's Motor Vehicle Liability Additional Payments policies' provisions. Once more, the court finds this to be an extremely open-ended request and, because Plaintiff does not clarify how it is that Defendant's purported production of everything it has under its "possession, custody and control" is insufficient, it is not possible to address Plaintiff's contention of an incomplete production. Again, the court suggests that if Plaintiff does not believe that Defendant has produced everything it has, it should address discovery to the

specific items sought.

Finally, as earlier noted, Plaintiff's Reply is totally silent as to the contentions in Defendant's Response pertaining to Interrogatories No. 7, 8, 9, 10, 11 and 12. The only issue addressed in the Reply is the representation that Plaintiff's argument on Interrogatory No. 13 is moot. (DE 41 at 1.) Consequently, the court finds it appropriate to accept Defendant's representation that the answer to each of the aforesaid Interrogatories "is the best and most complete answer GEICO can provide." (DE 40 at 3.) The court notes that Defendant presents a valid argument that "as phrased, these interrogatories are impossible to answer in any way other than as [already] answered." (DE 40 at 4.)

A review of the answers at issue shows that Defendant clearly indicates, as set forth in its Reply, that "[t]here is simply no specific method" used "to identify obligations to pay for and determine whether an insured is owed for [the various forms of] Motor Vehicle Liability Additional Payments," and that each claim requires a "case-by-case analysis." (DE 40 at 4.) The court finds reasonable Defendant's averment that "there are undoubtedly widely divergent individual facts [in each case] and, as such there is simply no across the board method or formula that GEICO uses for every single claim because each claim is evaluated on its own individual factors." (DE 40 at 5.) The court is persuaded by Defendant's argument that its "communications with its insured vary, the insurance codes of each state are unique, the litigation of each case is unique and each insured's employment circumstances are unique." (Id.) Consequently, and as a result of Plaintiff's silence on Defendant's arguments, the relief sought as to Interrogatories No. 7, 8, 9, 10, 11 and 12 cannot be granted. If Plaintiff wishes specific information on specific claims, it should address that inquiry through additional discovery.

Based on the foregoing discussion and findings, it is hereby

**ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Compel (DE 27) is **DENIED AS MOOT** as to Request for Production No. 5 and Interrogatory No. 13, and **DENIED WITHOUT PREJUDICE** as to the balance of the relief sought in the Motion.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 24th day of August, 2009.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Copies to: Honorable Kenneth A. Marra, United States District Judge
All Counsel of Record